UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| CHARLES L. DILLARD, | * | CIVIL ACTION NO. _____ |
| INDIVIDUALLY, AND ON BEHALF OF | * | |
| THE ESTATE OF REGINA R. | * | |
| DILLARD AND JACQUELINE DILLARD | * | JUDGE _____ |
| | * | |
| VERSUS | * | |
| | * | |
| ROBERT L. HUNTER, MONTGOMERY | * | MAGISTRATE JUDGE _____ |
| TRANSPORT, LLC, FONTAINE | * | |
| COMMERCIAL TRAILER, INC. AND | * | |
| GREAT WEST CASUALTY COMPANY | * | JURY DEMANDED |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, come defendants, **ROBERT L. HUNTER, MONTGOMERY TRANSPORT, LLC, FONTAINE COMMERCIAL TRAILER, INC., AND GREAT WEST CASUALTY COMPANY**, who remove this civil action from the 26th Judicial District Court for the Parish Webster, State of Louisiana, in which it is now pending, to the United States District Court for the Western District of Louisiana, under 28 U.S.C. § 1441 *et seq.* In support hereof, defendants respectfully represent as follows:

1.

On December 22, 2015, plaintiffs Charles L. Dillard and Jacqueline Dillard initiated a lawsuit in the 26th Judicial District Court for the Parish of Webster, by filing a Petition for Damages, Wrongful Death and Survival Action styled "Charles L. Dillard, Individually and on Behalf of the Estate of Regina R. Dillard and Jacqueline Dillard versus Robert L. Hunter, Montgomery Transport, LLC, Fontaine Commercial Trailer,

Inc., and Great West Casualty Company," bearing Civil Action No. 75066, Division E, which state court  is within the jurisdiction of the Western District of Louisiana.

2.

Fontaine Commercial Trailer, Inc. received notice of said Petition for Damages, Wrongful Death and Survival Action when it was served with the Citation, Petition, and Notice of Service of Process on or about December 31, 2015.  The Citation, Petition, and Notice of Service of Process served upon Fontaine Commercial Trailer, Inc. are attached hereto and made a part hereof as Exhibit A.

3.

Great West Casualty Company received notice of said Petition for Damages, Wrongful Death and Survival Action when it was served with the Citation and Petition on or about January 4, 2016.  The Petition served upon Great West Casualty Company is attached hereto and made a part hereof as Exhibit B.

4.

As of January 20, 2016, service returns reflecting service on Robert L. Hunter and Montgomery Transport, LLC, have not been filed with the Clerk of Court of Webster Parish.

5.

In the Petition, plaintiffs assert wrongful death actions and a survival action due to allegedly fatal injuries sustained by Regina R. Dillard, which they claim were caused by an automobile accident involving Robert L. Hunter.   See Exhibit A, Petition, paragraphs 3 and 4.  Plaintiff Charles L. Dillard also claims damages for his alleged personal injuries, as well as property damage.  Id., paragraph 15.

- 2 -

6.

As discussed below, there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

<u>PARTIES AND DIVERSITY OF CITIZENSHIP</u>

7.

In the Petition, plaintiffs Charles L. Dillard and Jacqueline Dillard allege that they are domiciliaries of the State of Louisiana.

8.

At the time of this action and at all times since, defendant Robert L. Hunter was and has been a resident and domiciliary of the State of Alabama.

9.

At the time of this action and at all times since, defendant Montgomery Transport, LLC was and has been a limited liability company domiciled in the State of Alabama.   The membership of this limited liability company was and has been composed of three natural persons – Rollins Montgomery, Scott Smith, and Robbie Pike – all of whom were and have been domiciled in the State of Alabama.

10.

At the time of this action and at all times since, defendant Great West Casualty Company was and has been a corporation organized under the laws of the State of Nebraska, with its principal place of business in Sioux City, Nebraska.

11.

At the time of this action and at all times since, defendant Fontaine Commercial Trailer, Inc., was and has been a corporation organized under the laws of the State of Delaware, with its principal place of business in Trussville, Alabama.

12.

Complete diversity of citizenship exists between plaintiffs, Charles L. Dillard and Jacqueline Dillard, and defendants, Robert L. Hunter, Montgomery Transport, LLC, Great West Casualty Company, and Fontaine Commercial Trailer, Inc., as required for original jurisdiction to vest in the United States District Court for the Western District of Louisiana under 28 U.S.C. § 1332.

## AMOUNT IN CONTROVERSY

13.

Plaintiffs contend their alleged damages exceed the $50,000 jury threshold and minimum jurisdictional requirements of the state court in which the matter is pending. Plaintiffs at no time contend their alleged damages are less than or equal to $75,000. See Exhibit A, paragraph 19.

14.

In paragraph 4 of the Petition, plaintiffs Charles L. Dillard and Jacqueline Dillard allege that Regina R. Dillard sustained "fatal injuries" in the accident that forms the basis of this proceeding.  See Exhibit A.  Respectively the alleged husband and daughter of Regina R. Dillard, plaintiffs seek damages for her alleged lost chance of survival, pre-death mental anguish and emotional distress/fear, mental pain and suffering, physical pain and suffering, and medical and funeral expenses.  Id.,

- 4 -

paragraphs 17 and 18.  Plaintiffs also seek damages for their alleged mental anguish and emotional distress, loss of love and affection, loss of support, loss of services and society, loss of economic support and lost wages, loss of consortium, and death-related expenses. Id.

15.

In Paragraph 4 of the Petition, plaintiff Charles L. Dillard claims he sustained "severe personal injuries" and "catastrophic property damage" in the accident that forms the basis of this proceeding.  See Exhibit A.  He alleges he sustained physical property damage to his truck, loss of use/function of the vehicle, loss of value and diminution in value, lost wages, loss of income and economic support, and personal injuries including but not limited to head injury, neck injury, back injury, wrist/hand injury, facial injury, nose injury, knee injury, chest injury, general pain, suffering, and emotional distress, and related medical expenses.  Id., paragraph 15.

16.

It is facially apparent that these claims for damages could well exceed $75,000. See Luckett vs. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999).

17.

Prior decisions regarding injuries and damages consistent with plaintiffs' allegations of fatal injury resulting from an automobile accident have resulted in awards of greater than $75,000.  See McGrail v. Lee, 35,756 (La. App. 2 Cir. 4/3/02), 814 So.2d 729 (affirming wrongful death awards of $750,000 to children whose mother died as a result of injuries sustained in automobile accident); Hicks v. State, 34,890 (La. App. 2 Cir. 12/7/01), 802 So.2d 1005 (affirming award of $500,000 in wrongful death

damages to woman whose husband died as a result of injuries sustained in automobile accident); and *Wingfield v. State, ex. rel Dep't of Transp. and Dev.*, 2001-2668 (La. App. 1 Cir. 11/8/02), 835 So.2d 785 (awarding $570,000 to spouse for wrongful death and $800,000 for survival action where death resulted from automobile accident).

18.

Prior decisions regarding injuries and damages consistent with plaintiff Charles L. Dillard's allegations of head injury, neck injury, back injury, wrist/hand injury, facial injury, nose injury, knee injury, chest injury, general pain, suffering, and emotional distress, and related medical expenses have resulted in awards of greater than $75,000.  *See Simms v. Progressive Ins. Co.*, 38,804 (La. App. 2 Cir. 9/29/04), 883 So.2d 473 (awarding plaintiff that sustained multiple facial injuries, leg injury, and wrist injury general damages in the amount of $510,000); *Rogers v. State ex rel. Dept. of Transp. and Development*, 2000-1424 (La. App. 4 Cir. 3/7/02), 813 So.2d 495 (awarding plaintiff that sustained permanent injuries to face and legs the amount of $200,000 for past and future mental pain, and $200,000 for past and future physical pain); and *Schexnayder v. Hyundai*, 00-177 (La. App. 5 Cir. 9/14/00); 769 So.2d 683 (awarding plaintiff that sustained multiple facial injuries, head injuries, concussion, lumbar injury, and rib and clavicle injuries total damages in the amount of $591,964.13).

19.

Given the foregoing, it is reasonable to conclude that the wrongful death actions, survival action, and personal injury action set forth in the Petition respectively place an amount in controversy which exceeds the sum or value of $75,000.00 against each defendant, exclusive of interest and costs.

- 6 -

20.

Because complete diversity exists between the parties named herein, and because the amount in controversy exceeds the jurisdictional amount required by 28 U.S.C. § 1332, the United States District Court for the Western District of Louisiana is vested with original jurisdiction over this action under 28 U.S.C. § 1332 and 28 U.S.C. § 1441, *et seq.*

21.

Fewer than thirty (30) days have elapsed since the date suit was initiated. Consequently, removal of this lawsuit to the United States District Court of the Western District of Louisiana is timely under 28 U.S.C. § 1446(b).

22.

Robert L. Hunter, Montgomery Transport, LLC, Fontaine Commercial Trailer, Inc., and Great West Casualty Company are the sole defendants to this action, and all join in its removal.  The consent of no other party is required.

23.

Upon filing of this Notice of Removal, defendants will provide written notification to plaintiffs and will file a copy of the Notice of Removal with the District Clerk of Webster Parish, Louisiana.  A copy of the state court notification accompanies this Notice of Removal as Exhibit C.

24.

Copies of all available process, pleadings, attachments, and orders served upon defendants in the state court proceeding are attached hereto as Exhibits A and B.

25.

A copy of this Notice of Removal has been mailed to all counsel of record on this 20th day of January, 2016.

**WHEREFORE, ROBERT L. HUNTER, MONTGOMERY TRANSPORT, LLC, FONTAINE COMMERCIAL TRAILER, INC., AND GREAT WEST CASUALTY COMPANY PRAY** that the above action now pending against them in the 26th Judicial District Court, Parish of Webster, State of Louisiana, be removed therefrom to this Court, and that the 26th Judicial District Court, Parish of Webster, Louisiana shall proceed no further.

Respectfully submitted,

**GOLD, WEEMS, BRUSER, SUES & RUNDELL**

By_____

**Edward E. Rundell, T.A.  (Bar #11539)**
**Heather M. Mathews       (Bar #29967)**
2001 MacArthur Drive
P. O. Box 6118
Alexandria, LA  71307-6118
Telephone: (318) 445-6471
Fax: (318) 445-6476
**ATTORNEYS FOR DEFENDANT, FONTAINE COMMERCIAL TRAILER, INC.**

–AND–

**THE DILL FIRM**

By_____

     **James M. Dill**         **(Bar #18868)**
     825 Lafayette Street
     P.O. Box 3324
     Lafayette, LA 70502-3324
     Telephone: (337) 261-1408
     Fax: (337) 261-9176

**ATTORNEYS FOR DEFENDANTS, ROBERT L. HUNTER, MONTGOMERY TRANSPORT, LLC, AND GREAT WEST CASUALTY COMPANY**

- 9 -

STATE OF LOUISIANA

PARISH OF RAPIDES

BEFORE ME, the undersigned authority, personally came and appeared EDWARD E. RUNDELL, who being first duly sworn, did depose and certify: that he is the attorney of record for Fontaine Commercial Trailer, Inc., and that he has read the foregoing Notice of Removal; that Fontaine Commercial Trailer, Inc., consents to and joins in this removal; and that the facts and allegations therein contained are true and correct to the best of his knowledge, information and belief.



_____
EDWARD E. RUNDELL

SWORN TO AND SUBSCRIBED before me, Notary, on this the __20th__ day of January, 2016.

_____        _____
NOTARY SIGNATURE                                    Attorney
                                                                        TITLE

_Justin T. Mannino_                                     LA Bar Roll # 35221
NOTARY NAME PRINTED                         NOTARY/BAR ROLL NUMBER

Justin T. Mannino
Notary Public
State of Louisiana
Bar Roll # 35221

- 10 -

STATE OF LOUISIANA

PARISH OF LAFAYETTE

BEFORE ME, the undersigned authority, personally came and appeared James

M. Dill, who being first duly sworn, did depose and certify: that he is the attorney of

record for Robert L. Hunter, Montgomery Transport, LLC, and Great West Casualty

Company, and that he has read the foregoing Notice of Removal; that Robert L. Hunter,

Montgomery Transport, LLC, and Great West Casualty Company consent to and join

in this removal; and that the facts and allegations therein contained are true and correct

to the best of his knowledge, information and belief.

_____
JAMES M. DILL

SWORN TO AND SUBSCRIBED before me, Notary, on this the __20th__ day of

January, 2016.

_____
NOTARY SIGNATURE

_____
TITLE

_____
NOTARY NAME PRINTED
KAREN T. GUIDRY
#55444

_____
NOTARY/BAR ROLL NUMBER

- 11 -

## CERTIFICATE

I hereby certify that a copy of the above and foregoing Notice of Removal has been delivered via U.S. postage prepaid to Jeffrey D. Guerriero, Guerriero & Guerriero, 2200 Forsythe Avenue, Monroe, LA 71201; and to Clerk of Court Holli Vining, 26th Judicial District Court, Webster Parish, Louisiana.

Alexandria, Louisiana this __20th__ day of January, 2016.

_____
OF COUNSEL

- 12 -