

CORPORATION SERVICE COMPANY®

# Notice of Service of Process

**NTP / ALL**
**Transmittal Number: 14631471**
**Date Processed: 12/31/2015**

| | |
|---|---|
| **Primary Contact:** | Sandy LaMonica<br>The Marmon Group, LLC<br>181 W Madison St<br>Floor 26th<br>Chicago, IL 60602-4510 |

| | |
|---|---|
| **Entity:** | Fontaine Commercial Trailer, Inc.<br>Entity ID Number  3194477 |
| **Entity Served:** | Fontaine Commercial Trailer, Inc |
| **Title of Action:** | Charles L. Dillard, Individually, and on behalf of the Estate of Regina R. Dillard and Jacqueline Dillard vs. Robert L. Hunter |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Wrongful Death |
| **Court/Agency:** | Webster Parish District Court, Louisiana |
| **Case/Reference No:** | 75066 |
| **Jurisdiction Served:** | Louisiana |
| **Date Served on CSC:** | 12/31/2015 |
| **Answer or Appearance Due:** | 15 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Jeffrey D. Guerriero<br>318-325-4306 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

EXHIBIT  A

# CITATION

**DILLARD, CHARLES L INDIVIDUALLY AND ON
BEHALF OF - ET AL**
*Versus*

**HUNTER, ROBERT L - ET AL**



**Case: 00075066**
**Division: E**
**26th Judicial District Court**
**Parish of Webster**
**State of Louisiana**

---

*THE STATE OF LOUISIANA TO:*
  *FONTAINE COMMERCIAL TRAILER, INC*
  *WHOSE REGISTERED AGENT FOR SERVICE OF PROCESS IS*
  *CORPORATION SERVICE COMPANY*
  *320 SOMERULOS ST*
  *BATON ROUGE, LA  70802-6129*


*You are hereby cited to comply with the demand contained in the petition, a certified copy of which accompanies this citation or to file your answer or other pleading to said petition in the office of the Clerk of the Twenty-Sixth Judicial District Court in the Webster Parish Court House in the city of Minden in said Parish within fifteen (15) days after the service hereof. Your failure to comply herewith will subject you to the penalty of entry of default judgment against you.*


*WITNESS, the Honorable Judges of said court on December 23, 2015 at Minden, Louisiana.*

_____
Deputy Clerk of Court for
Holli Vining, Clerk of Court

---

### Service Information


_____ Personal Service

_____ Domiciliary Service – Given to: _____

_____ No Service – Reason: _____


Service Fee    $_____
Mileage        $_____
Total          $_____


_____    _____    _____
Date of Service                   Deputy Sheriff                         Parish


[SERVICE COPY]

STATE OF LOUISIANA * PARISH OF WEBSTER * 26TH JUDICIAL DISTRICT COURT

CHARLES L. DILLARD, INDIVIDUALLY,       FILED:_____
AND ON BEHALF OF THE ESTATE OF
REGINA R. DILLARD AND JACQUELINE DILLARD

VERSUS NO. 75D6L   S/Michael Nerren



ROBERT L. HUNTER, MONTGOMERY
TRANSPORT, LLC, FONTAINE COMMERCIAL
TRAILER, INC. and GREAT WEST
CASUALTY COMPANY                        DEPUTY CLERK OF COURT

## PETITION FOR DAMAGES, WRONGFUL DEATH AND SURVIVAL ACTION

NOW INTO COURT come Plaintiffs, CHARLES L. DILLARD and JACQUELINE

DILLARD (respectively, husband and daughter of Regina R. Dillard) Individually and on behalf of

the Estate of REGINA R. DILLARD, domiciliaries of Ouachita Parish, Louisiana, who for the

purposes of filing this Petition for Damages, Wrongful Death and Survival Action, with respect

represents:

1.

Named as Defendants herein are:

(a)     **ROBERT L. HUNTER ("Hunter"),** a domiciliary of Repton, Alabama, who may
        be served through the Louisiana Long Arm Statute LSA-R.S. 13:3201, who can be
        served at 214 Ellis Street, Repton, Alabama, 36475;

(b)     **MONTGOMERY TRANSPORT, LLC ("Montgomery"),** a foreign company and
        domiciliary of Birmingham, Alabama, who may be served through the Louisiana
        Long Arm Statute LSA-R.S. 13:3201, who can be served 2563 Commerce Circle,
        Birmingham, Alabama, 35217;

(c)     **FONTAINE COMMERCIAL TRAILER, INC. ("Fontaine"),** a foreign
        corporation authorized to do and doing business in the State of Louisiana whose
        registered agent for service of process is Corporation Service Company, 320
        Somerulos Street, Baton Rouge, Louisiana, 70802-6129; and

(d)     **GREAT WEST CASUALTY COMPANY ("Great West"),** a foreign insurance
        company authorized to do and doing business in the State of Louisiana whose
        registered agent for service of process is Louisiana Secretary of State, State of
        Louisiana, 8585 Archives Avenue, Baton Rouge, Louisiana, 70809.

2.

Plaintiffs show that on or about December 23, 2014 at or about 22:41 (10:41 p.m.), plaintiff,

Charles L. Dillard was the owner/operator of a 2008 GMC Sierra truck, Louisiana license plate

number V134345, VIN 3GTEC13C18G250122. Regina R. Dillard, his wife, was a guest passenger

in the 2008 GMC Sierra truck being operated by Plaintiff, Charles L. Dillard who was headed east

on Interstate 20 in Webster Parish, Louisiana.

A TRUE COPY
ATTEST_____
Deputy Clerk District Court
WEBSTER PARISH, LA.

3.

At or about the same time, Defendant, Hunter, while in the course and scope of his employment, was the permissive driver of a 2013 International Tractor Truck, bearing Alabama license number AL1093217, VIN 3HSDHSHR5DN203221 and which was connected to a 2013 Fontaine Flatbed Trailer bearing License Number ME2541072, both owned and/or operated by Defendant, Montgomery Transport, LLC. Defendant, Hunter illegally stopped and/or parked on the edge of the white line separating the shoulder of Interstate 20 East from the travel lane in Webster Parish, Louisiana in order to get a sandwich out of the cab of the tractor truck. Defendant, Hunter failed to utilize his warning signs, flashers, or cones after he stopped his tractor truck, all which occurred at the night, and as required under State and Federal regulations and/or laws..

4.

Plaintiff, Charles L. Dillard, struck the rear of said parked 2013 International Tractor/Trailer 18-Wheeler truck and trailer. Upon impact, the rear impact guard of the tractor/trailer failed and/or broke and completely detached from the tractor/trailer, causing catastrophic property damage and severe personal injuries to Plaintiff, Charles L. Dillard and fatal injuries to his wife, Regina R. Dillard.

5.

Plaintiff shows that the proximate cause of the accident in question were the actions of the Defendant, Robert L. Hunter, for the reasons stated who was negligent in the following non-exclusive manners:

a) Parking illegally on the edge of the white line separating the shoulder of Interstate 20 from the travel lane and/or parking illegally on the side of the interstate for non-emergency reasons;

b) Failure to use the proper procedures in pulling his tractor/trailer truck on the shoulder of the busy interstate in the dark;

c) Failure to use warning signs, flashers, orange cones, or some sort of warning device and/or lights in accordance with the industry standards for truck drivers and as required by State and Federal regulations and laws, i.e., to alert motorists that he had pulled his truck on the shoulder of the busy interstate in the dark;

d) Failure to timely activate the hazard warning signal flashers when the truck was stopped on the shoulder of the road in accordance with the industry standards for truck drivers and as required by State and Federal regulations and laws, i.e., to alert motorists that he had pulled his truck on the shoulder of the busy interstate in the dark;

e)  Failure in stopping and parking his truck on the shoulder of the interstate, all in accordance with LSA-R.S. 32:296, in the dark;

f)  Failure to act with due regard for safety and well being of others and property belonging to others and other traveling motorists on the interstate;

g)  Failure to take the next exit on Interstate 20 in order to make his non-emergency stop and putting other drivers and passengers at risk and danger, in accordance with the industry standards for truck drivers and as required by State and Federal regulations and laws, i.e., to alert motorists that he had pulled his truck on the shoulder of the busy interstate in the dark; and

h)  For any and all other acts of negligence and omissions as may be discovered through the discovery process and shown at the trial of this matter.

6.

Plaintiffs show that the vehicle/trailer Defendant, Robert L. Hunter, was driving/pulling was owned by Defendant, Montgomery Transport, LLC.  At all times pertinent herein, Defendant Robert L. Hunter was operating said vehicle while in the course and scope of his employment with defendant, Montgomery Transport, LLC. Thus, Defendant, Montgomery Transport, LLC, should be held vicariously liable for the negligent operation of their vehicle by their employee, Defendant, Hunter and for negligently entrusting their vehicle to Defendant, Robert L. Hunter.

7.

Plaintiffs further show that Defendant, GREAT WEST CASUALTY COMPANY, issued a policy of insurance insuring the 2013 International Tractor 18-Wheeler Truck and the 2013 Fontaine Flatbed Trailer, License Number ME2541072 from any claims from damages such as those put forth in this pleading and, as a result of liability coverage issued by said Defendant, GREAT WEST CASUALTY COMPANY, said insurance inures to the benefit of Plaintiffs and makes DEFENDANT, GREAT WEST CASUALTY COMPANY, liable severally and in solido with the other named Defendants herein.

8.

Plaintiffs further show that the purpose of the rear impact guard and/or crash bar under the rear of the trailer is to stop vehicles which come into contact with the rear of the truck/trailer from sliding under the semi-truck and/or trailer to prevent serious injury to the occupants of vehicles.

9.

Plaintiffs further show that the 2013 Fontaine Flatbed Trailer bearing License Number ME2541072, was manufactured and put into commerce by Defendant, FONTAINE, and warranted against defects such as that occurring herein.  The defective design and/or manufacturer of this rear impact guard and/or crash bar caused the severe damages suffered by plaintiffs.

10.

Had the crash bar on the above named trailer functioned as intended, Regina Dillard would not have suffered the fatal injuries. Alternatively, as a result of the failure of the impact guard and/or crash bar to function properly and/or as intended, Charles Dillard, husband of Regina Dillard, suffered a lost chance of survival for his wife.

11.

The impact guard and/or crash bar on said Defendant, FONTAINE trailer had not been tampered with or bothered by anyone prior to the incident in question, and furthermore, plaintiffs, Charles Dillard and his deceased wife, Regina Dillard were relying on the impact guard and/or crash bar in such an incident as this.

12.

The trailer, impact guard and/or the crash bar was defectively designed, manufactured, installed, and put into commerce by Defendant, FONTAINE. Further, the rear impact crash bar failed to comply with the State and Federal Regulations and/or laws as well as failed to meet strength and energy absorption requirements, as is evidenced by the fact and manner in which it failed under impact.

13.

The trailer, impact guard and/or crash bar located on Defendant FONTAINE's trailer was unreasonably dangerous in construction and/or composition at the time the product left the control of defendant, FONTAINE, and at the time of the accident.

14.

The trailer, impact guard and/or crash bar located on Defendant FONTAINE's trailer in question did not operate as intended by Defendant, FONTAINE.

15.

Plaintiff, CHARLES L. DILLARD, shows that as a result of the accident in question, he suffered physical property damage to his 2008 GMC Sierra truck, loss of use/function of the vehicle, and loss of value and diminution in value, lost wages, loss of income and economic support as well as personal injuries, including but not limited to, head injury, neck injury, back injury, wrist/hand injury, facial injury, nose injury, knee injury, chest injury, general pain and suffering and emotional distress, along with related medical expenses, all of which Plaintiff, Charles L. Dillard, desires and is entitled to a judgment against Defendants, ROBERT L. HUNTER, MONTGOMERY TRANSPORT, LLC, FONTAINE COMMERCIAL TRAILER, INC. AND GREAT WEST CASUALTY COMPANY, in an amount commensurate with his losses, with legal interest thereon from date of judicial demand until paid and for all costs of these proceedings.

16.

CHARLES L. DILLARD and JACQUELINE DILLARD (respectively, husband and daughter of Regina R. Dillard) Individually and on behalf of the Estate of REGINA R. DILLARD, shows that, as a direct result of the above-describe acts of negligence, and the resulting death of REGINA R. DILLARD, he has suffered severe mental pain and anguish, loss of income and economic support, including but not limited to the wrongful death of his wife, survival action, loss of emotional support, disruption of his family, loss of ability to enjoy life, medical expenses, funeral expenses and cost of tombstone, all of which could and should have been avoided but for the negligence of the defendants named above.

17.

As a result of the accident and the acts described above, Plaintiffs Charles L. Dillard shows that his wife, now deceased, Regina R. Dillard and Plaintiff, Jacqueline Dillard, daughter of Regina R. Dillard, suffered damages, loss of income and economic support, all of which consists of, but is not limited to, the Lost Chance of Survival/Better Outcome; physical pain and suffering before the death of Regina R. Dillard, survival action, mental pain and suffering before Regina R. Dillard's death, medical and funeral expenses, for all of which Plaintiffs, Charles R. Dillard and Jacqueline Dillard are entitled to and desires compensation in an amount commensurate with the above-stated losses.

18.

As a result of the injuries to and the death of Regina R. Dillard arising from defendants' negligent actions resulting in the above described accident, failure of the crash bar and trailer to function properly and/or as intended, Plaintiffs, Charles L. Dillard and Jacqueline Dillard, brings this wrongful death and survival action seeking the following non-exclusive damages:

    i)    <u>Survival Damages:</u>

          (a)    Lost chance of survival;

          (b)    pre-death mental anguish and emotional distress/fear; and

          (c)    physical pain and suffering;

    ii)    <u>Wrongful Death Damages:</u>

          (a)    Extreme mental anguish and emotional distress;

          (b)    Loss of love and affection of and between plaintiffs, Charles L. Dillard and Jacqueline Dillard;

          (c)    Loss of support;

        (d)     Loss of services and society;

        (e)     Loss of economic support and lost wages;

        (f)     Loss of consortium; and

        (g)     Death related expenses.

19.

Plaintiffs, CHARLES L. DILLARD and JACQUELINE DILLARD (respectively, husband and daughter of Regina R. Dillard) Individually and on behalf of the Estate of REGINA R. DILLARD, demand judgment against the Defendants, ROBERT L. HUNTER, MONTGOMERY TRANSPORT, LLC, FONTAINE COMMERCIAL TRAILER, INC. AND GREAT WEST CASUALTY COMPANY, in an amount exceeding $50,000.00. It is alleged upon information and belief that the value of these claims of plaintiffs, CHARLES L. DILLARD and JACQUELINE DILLARD (respectively, husband and daughter of Regina R. Dillard) Individually and on behalf of the Estate of REGINA R. DILLARD, exceeds the sums necessary for trial by jury.

20.

Plaintiffs, CHARLES L. DILLARD and JACQUELINE DILLARD (respectively, husband and daughter of Regina R. Dillard) Individually and on behalf of the Estate of REGINA R. DILLARD, therefore pray for trial by jury in this matter.

21.

Plaintiffs show that it will be necessary to use medical and other expert witnesses at trial and their fees, together with any expenses for the taking of their depositions, should be fixed and taxed as cost in these proceedings.

**WHEREFORE, Plaintiffs, CHARLES L. DILLARD and JACQUELINE DILLARD (respectively, husband and daughter of Regina R. Dillard) Individually and on behalf of the Estate of REGINA R. DILLARD PRAY** that this Petition for Damages, Survival Action and Wrongful Death, be duly filed and served according to law, and that the Defendants, ROBERT L. HUNTER, MONTGOMERY TRANSPORT, LLC, FONTAINE COMMERCIAL TRAILER, INC. AND GREAT WEST CASUALTY COMPANY, be cited to appear and answer same, and that after all necessary and legal delays that there be judgment in favor of Plaintiffs, CHARLES L. DILLARD and JACQUELINE DILLARD (respectively, husband and daughter of Regina R. Dillard) Individually and on behalf of the Estate of REGINA R. DILLARD and against Defendants, ROBERT L. HUNTER, MONTGOMERY TRANSPORT, LLC, FONTAINE COMMERCIAL TRAILER, INC. AND GREAT WEST CASUALTY COMPANY, severally and in solido in an amount commensurate with his losses as described in this Petition hereinabove, with legal interest

thereon from date of judicial demand, and for all costs of these proceedings, including all expert and witness fees.

      **PLAINTIFFS FURTHER PRAY** for full, general and equitable relief.

Respectfully submitted by:

JEFFREY D. GUERRIERO # 19602
ATTORNEY FOR PLAINTIFFS
GUERRIERO & GUERRIERO
2200 Forsythe Avenue
MONROE, LA  71201
(318)  325-4306 Office
(318) 323-8406 Facsimile

PLEASE SERVE:

**GREAT WEST CASUALTY COMPANY**
whose registered agent for service of process is
Louisiana Secretary of State
State of Louisiana
8585 Archives Avenue
Baton Rouge, Louisiana, 70809

**FONTAINE COMMERCIAL TRAILER, INC.**
whose registered agent for service of process is
Corporation Service Company
320 Somerulos Street
Baton Rouge, Louisiana, 70802-6129

**PLEASE PREPARE CITATION AND CERTIFIED COPY OF THE PETITION FOR LONG ARM SERVICE:**

**ROBERT L. HUNTER**
214 Ellis Street
Repton, Alabama, 36475

**MONTGOMERY TRANSPORT, LLC**
2563 Commerce Circle
Birmingham, Alabama, 35217