IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHARLES L. DILLARD, INDIVIDUALLY, AND ON BEHALF OF THE ESTATE OF REGINA R. DILLARD AND<br><br>JACQUELINE DILLARD<br><br>VERSUS<br><br>ROBERT L. HUNTER,<br>MONTGOMERY TRANSPORT, LLC,<br>FONTAINE COMMERCIAL TRAILER, INC.<br>and GREAT WEST<br>CASUALTY COMPANY | CIVIL ACTION NO: 5:16-cv-0093-EEF-KLH<br><br>JUDGE: ELIZABETH E FOOTE<br><br>MAGISTRATE: KAREN L. HAYES |

**ANSWER TO PETITION FOR DAMAGES,**
**WRONGFUL DEATH AND SURVIVAL ACTION**

**NOW INTO COURT,** through undersigned counsel come Robert L. Hunter, Montgomery Transport, LLC and Great West Casualty Company sought to be made defendants in the captioned matter, who, for answer to plaintiffs' Petition for Damages, Wrongful Death and Survival Action respectfully aver:

1.

Except to admit the status and domicile of Robert L. Hunter, Montgomery Transport, LLC and Great West Casualty Company, the allegations of paragraph one of plaintiffs' Petition for Damages, Wrongful Death and Survival Action are denied for lack of sufficient information upon which to justify a belief therein.

2.

The allegation of paragraph two for plaintiffs' Petition for Damages, Wrongful Death and Survival Action are denied for lack of sufficient information upon which to justify a belief therein.

3.

The allegations of paragraph three of plaintiffs' Petition for Damages, Wrongful Death and Survival Action are denied for lack of sufficient information upon which to justify a belief therein.

4.

The allegations of paragraph four of plaintiffs' Petition for Damages, Wrongful Death and Survival Action are denied for lack of sufficient information upon which to justify a belief therein.

5.

The allegations of paragraph five of plaintiffs' Petition for Damages, Wrongful Death and Survival Action are denied.

6.

The allegations of paragraph three of plaintiffs' Petition for Damages, Wrongful Death and Survival Action are denied for lack of sufficient information upon which to justify a belief therein.

7.

Except to admit Great West issued a policy of insurance in favor of Montgomery Transport, LLC, said policy being subject to all its own terms, limitations and exclusions, and as a written contract is pled as the best evidence of the contents therein, allegations of paragraph seven of plaintiffs' Petition for Damages, Wrongful Death and Survival Action are denied for lack of sufficient information upon which to justify a belief therein.

8.

The allegations of paragraph eight of plaintiffs' Petition for Damages, Wrongful Death and Survival Action are not directed to these defendants and thus, no response is necessary. Nevertheless, to the extent that a response is required, the allegations of paragraph eight of plaintiffs' Petition for Damages, Wrongful Death and Survival Action are denied for lack of sufficient information upon which to justify a belief therein.

9.

The allegations of paragraph nine are not directed to these defendants and thus no response is necessary. Nevertheless, to the extent that a response is required, the allegations of paragraph nine of plaintiffs' Petition for Damages, Wrongful Death and Survival Action are denied for lack of sufficient information upon which to justify a belief therein.

10.

The allegations of paragraph ten are not directed to these defendants and thus no response is necessary. Nevertheless, to the extent that a response is required, the allegations of paragraph ten of plaintiffs' Petition for Damages, Wrongful Death and Survival Action are denied for lack of sufficient information upon which to justify a belief therein

11.

The allegations of paragraph eleven are not directed to these defendants and thus no response is necessary. Nevertheless, to the extent that a response is required, the allegations of paragraph eleven of plaintiffs' Petition for Damages, Wrongful Death and Survival Action are denied for lack of sufficient information upon which to justify a belief therein.

12.

The allegations of paragraph twelve are not directed to these defendants and thus no response is necessary. Nevertheless, to the extent that a response is required, the allegations of paragraph twelve of plaintiffs' Petition for Damages, Wrongful Death and Survival Action are denied for lack of sufficient information upon which to justify a belief therein.

13.

The allegations of paragraph thirteen are not directed to these defendants and thus no response is necessary. Nevertheless, to the extent that a response is required, the allegations of paragraph thirteen of plaintiffs' Petition for Damages, Wrongful Death and Survival Action are denied for lack of sufficient information upon which to justify a belief therein.

14.

The allegations of paragraph fourteen are not directed to these defendants and thus no response is necessary. Nevertheless, to the extent that a response is required, the allegations of paragraph fourteen of plaintiffs' Petition for Damages, Wrongful Death and Survival Action are denied for lack of sufficient information upon which to justify a belief therein.

15.

The allegations of paragraph fifteen of plaintiffs' Petition for Damages, Wrongful Death and Survival Action are denied for lack of sufficient information upon which to justify a belief therein.

16.

The allegations of paragraph sixteen of plaintiffs' Petition for Damages, Wrongful Death and Survival Action are denied for lack of sufficient information upon which to justify a belief therein.

17.

The allegations of paragraph seventeen of plaintiffs' Petition for Damages, Wrongful Death and Survival Action are denied for lack of sufficient information upon which to justify a belief therein.

18.

The allegations of paragraph eighteen of plaintiffs' Petition for Damages, Wrongful Death and Survival Action are denied for lack of sufficient information upon which to justify a belief therein.

19.

The allegations of paragraph nineteen of plaintiffs' Petition for Damages, Wrongful Death and Survival Action are denied for lack of sufficient information upon which to justify a belief therein. However, to the extent plaintiffs' damages exceed $50,000.00 defendants also request a trial by Jury.

20.

The allegations of paragraph twenty of plaintiffs' Petition for Damages, Wrongful Death and Survival Action are denied for lack of sufficient information upon which to justify a belief therein. However, to the extent plaintiffs' damages exceed $50,000 defendants also request a trial by Jury.

21.

The allegations of paragraph twenty one of plaintiffs' Petition for Damages, Wrongful Death and Survival Action are denied.

22.

AND NOW, IN FURTHER ANSWERING the allegations of plaintiff's petition for damages, Robert L. Hunter, Montgomery Transport, LLC and Great West Casualty Company specifically deny that they, or anyone for whom they may be responsible were negligent or at fault in causing the damages to plaintiff herein, if any, but rather, aver that said accident was caused by the sole fault of Charles L. Dillard said acts of fault and/or negligence being set forth in the following non-exclusive particulars:

1. In negligently and carelessly operating his vehicle by swerving off the road into the rear of defendants' tractor trailer;
2. In failing to maintain control of his vehicle and failing to keep his vehicle in his lane of travel;
3. In failing to keep a sharp look out;
4. In failing to see what he should have seen, after seeing same, in failing to do what he should have done.

23.

Alternatively, and only in the event that this Honorable Court should find that these defendants are liable to plaintiff's in any manner what so ever, which is at all times denied then, in that event, Robert L. Hunter, Montgomery Transport, LLC and Great West Casualty Company specifically plead the fault of Charles L. Dillard as a complete bar to any recovery herein, and alternatively, in mitigation of damage.

24.

Defendants aver that they are entitled to and hereby request a trial by jury on all issues in this matter.

WHEREFORE, premises considered, these defendants pray that this Answer to Petition for Damages, Wrongful Death and Survival Action be deemed good and sufficient and that after all legal delays and due proceedings, there be judgement in their favor and against plaintiffs with prejudice and at plaintiffs' cost.

AND FOR ALL GENERAL AND EQUITABLE RELIEF, ETC.

Respectfully submitted,

**The Dill Firm, A.P.L.C.**

BY: /s/ James M. Dill
_____
JAMES M. DILL (Bar Roll #18868)
825 Lafayette Street
Post Office Box 3324
Lafayette, Louisiana 70502-3324
Telephone: (337) 261-1408 Ext. 211
Facsimile: (337) 261-9176
Email: jdill@dillfirm.com
ATTORNEY FOR Robert L. Hunter, Montgomery Transport, LLC, and Great West Casualty

## **CERTIFICATE**

**I HEREBY CERTIFY** that on this 26th day of January, 2016, a copy of the foregoing pleading was filed electronically with the Clerk of Court using CM/ECF system. Notice of this filing will be sent to counsel for all parties to this proceeding by operation of the court's electronic filing system.

/s/ James M. Dill
_____
JAMES M. DILL